UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BRAD BROWN and wife, ) | |
| JENNIFER BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:05-CV-360 |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | Judge Mattice |
| COMPANY, AS TRUSTEE FOR THE ) | |
| REGISTERED HOLDERS OF NEW ) | |
| CENTURY HOME EQUITY LOAN ) | |
| TRUST, SERIES 2003-2, ASSET ) | |
| BACKED PASS-THROUGH ) | |
| CERTIFICATES, SERIES 2003-2, ) | |
| OCWEN FEDERAL BANK FSB and ) | |
| WILSON & ASSOCIATES, P.L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the Court is Plaintiffs' Motion to Remand this action to the Chancery Court of Hamilton County, Tennessee (Court Doc. No. 10-1, Pls.' Mot. to Remand.) In their Motion, Plaintiffs suggest that because the Defendants have not met their burden of proof that the matter in controversy herein exceeds the sum or value of $75,000, this case does not satisfy the requirements of 28 U.S.C. § 1332(a), and this Court is, therefore, without subject matter jurisdiction. For the reasons stated below, Plaintiffs' Motion to Remand will be **GRANTED**.

I.   **FACTS AND PROCEDURAL HISTORY**

The facts of this case and its procedural history may be summarized as follows.  The Plaintiffs filed their Complaint in the Chancery Court of Hamilton County on or about November 9, 2005.  (Court Doc. No. 1-2, Compl.)  In their Complaint, Plaintiffs seek damages from Defendants based on an alleged breach of Defendants' duties under a mortgage agreement.  (*Id.*)  Following service of process, the Defendants timely filed their Notice of Removal (Court Doc. No. 1-1, Notice of Removal) to this Court on December 23, 2005.  Paragraph 3 of said Notice avers that the basis for this Court is jurisdiction is "29 [sic] U.S.C. § 1332," based on complete diversity of citizenship of the parties.  (*Id.*)  With respect to the necessary jurisdictional amount, Paragraph 3 of the Notice states that "[a]lthough the Plaintiffs fail to specify the exact amount of damages being sought, a fair reading of the Complaint reveals that they are seeking to recover more than $75,000, exclusive of interests and costs . . . ."  In support of this contention, the Defendants point to the Plaintiffs' prayer for punitive damages and reasonable attorneys fees, as set forth in their Complaint.

Plaintiffs timely filed the instant Motion to Remand on January 18, 2006.  In their Memorandum in Support of Motion to Remand, the Plaintiffs contend that the Defendants have not satisfied their burden of proving, by a preponderance of the evidence ("more likely than not") that, "assuming failure of all the Defendant's affirmative defenses, ... Plaintiff would ... recover more than the jurisdictional amount . . . ."  (Court Doc. No. 10-2*,* Mem. in Supp. of Mot. to Remand 2.)

-2-

## II. DISCUSSION

In *Gafford v. General Electric Co.*, the U.S. Court of Appeals for the Sixth Circuit held that in a removal case "where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, . . . the Defendant must prove, 'more likely than not' that the plaintiff's claims meet the . . . requirement . . . ." 997 F.2d 150, 158 (6th Cir. 1993) (citations omitted).

While the extant authority in the Sixth Circuit is limited,

> [a] long line of decisions clearly establishes the proposition that exemplary or punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy requirement has been met. Similarly, attorney's fees are includible in computing the jurisdictional amount if the plaintiff may recover them as an element of damages, either pursuant to a governing statute or under the district court's equitable power to award fees.

14B Charles Alan Wright, et al., *Federal Practice and Procedure* 89-93 (3d ed. 1998).

Accordingly, the question before the Court is whether the Defendants have met their burden of proof by showing, by a preponderance of the evidence, that plaintiff's claims meet the jurisdictional amount specified in 28 U.S.C. § 1332(a), or $75,000 exclusive of interest and costs. Because the Defendants concede that the actual damages sought by Plaintiff could be no more than $49,043.78 (*see* Court Doc. No. 12-1, Defs.' Resp. in Opp'n to Mot. to Remand 2) the Defendant's ability to make the required showing depends on their demonstrating that the punitive damages or attorney's fees which could be recovered were Plaintiff to prevail would, when combined with the award of actual damages, "more likely than not" exceed the jurisdictional amount of $75,000.00. *Gafford*, 997 F.2d at 158.

-3-

In analyzing the Defendants' contentions, the Court is cognizant that this legal standard of proof "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Haynes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Moreover, and in recognition that in attempting to carry their burden Defendants have pointed to the prayer for damages in Plaintiffs' complaint, the Court is also cognizant that Defendants are not required to "research, state and prove the plaintiff's claim for damages" against themselves. *Gafford*, 997 F.2d at 159.

The Court also takes note of the fact, however, that in this circuit, as elsewhere, "[t]he party seeking removal bears the burden of establishing its right thereto" and "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted).

Against this factual and legal backdrop, in this case, the Court will require *some* quantum of evidence, over and above the unsupported and perfunctory prayers for relief contained in the complaint (which, in their Memorandum in Support of their Motion to Remand, the Plaintiffs themselves have virtually conceded are most likely futile) that the jurisdictional amount-in-controversy requirement will more likely than not be met. On the record before it, the Court finds no such evidence.[1] Accordingly, and because the Court finds that the Defendants have not demonstrated that the requirements of 28 U.S.C. § 1332(a) have been met, this Court does not have subject matter jurisdiction over

---

[1] The Court would also observe the Defendants' reliance on the Court's ruling in *Graham v. Champion International Corporation*, No. 2:97-CV-83 1997 WL 3348778 (E.D. Tenn. May 16, 1997) to be misplaced. In that case, the Court based its decision to retain jurisdiction over a putative class action principally on a prior history of litigation between the parties with which the Court had direct familiarity. No such prior history is in evidence in the present action.

Case 1:05-cv-00360  Document 16  Filed 03/17/06  Page 4 of 5  PageID #: 4

this action.

## III.   CONCLUSION

For the reasons stated above, and pursuant to 28 U.S.C. § 1447(c), Plaintiffs' Motion to Remand [Court Doc. No. 10-1] will be **GRANTED**.

A separate **ORDER** will enter, and the Clerk is directed to mail a certified copy of such **ORDER** to the Clerk and Master of Hamilton County, Tennessee.

           *s/ Harry S. Mattice, Jr.*
           HARRY S. MATTICE, JR.
           UNITED STATES DISTRICT JUDGE